

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 5, 1972

Honorable Bevington Reed
Commissioner Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas    78711

Dear Mr. Reed:

Opinion No. M-1139

Re: Several questions
relating to creation
of a Junior College
District pursuant to
Sec. 130.033, Texas
Education Code.

You have requested the opinion of this office concerning
the following questions which have been paraphrased:

     1.  What does the phrase "qualified taxpaying
electors" mean as used in Section 130.033 of the
Texas Education Code?

     2.  Does a variance exist in the code with
reference to voter classification when Sec. 130.033
of the Code refers to a certain class as "qualified
taxpaying electors" while Section 130.038 refers to
those able to pass on the question of issuing bonds
and levying taxes as mere "electors"?

     3.  Does the phrase "after the order is issued"
as used in Section 130.037 of the Texas Education
Code have reference to an "order" of the Commissioners
Court or courts or does it refer to an order of the
Coordinating Board, Texas College and University
System?

These questions will be answered in the order set out above.
The general term "qualified taxpaying elector" as used in
Section 130.033 of the Texas Education Code has reference to
those electors who are qualified under Sections 2 and 3a,
Article VI of the Texas Constitution.

Article VI, Section 2 of the Constitution required that
a person be twenty-one years of age, be a citizen of the United
States, reside in the State one year next preceding the election,
and reside within the district or county in which he wishes to
vote six months. Having met the four above qualifications, and

-5543-

being not otherwise disqualified, one was deemed a "qualified elector."

Section 1 of the XXVI Amendment to the United States Constitution, ratified July 5, 1971, reduced the voting age to "eighteen years of age or older." The recent United States Supreme Court decision, Dunn v. Blumstein, 92 S.Ct. 995 (1972) also materially altered the Texas "durational residence" requirements, which are similar yet more demanding than those of the State of Tennessee's which were in question.

The Court in footnote 17, on page 1005 of the opinion, made the following observations:

> "...it could not be argued that the three-month waiting period is necessary to confirm residence in the county, and the one-year period necessary to confirm residence in the State. Quite apart from the total implausibility of any suggestion that one task should take four times as long as the other, it is sufficient to note that if a person is found to be a bona fide resident of a county within the State, he is by definition a bona fide resident of the State as well."

It would appear from a reading of the Court's opinion that if one is a bona fide resident of a county or district for 30 days prior to any election conducted therein, no further "durational residence" requirements may be imposed. The Dunn case further held:

> "...Fixing a constitutionally acceptable period is surely a matter of degree. It is sufficient to note here that 30 days appears to be an ample period of time for the State to complete whatever administrative tasks are necessary to prevent fraud - and a year, or three months too much..." (Emphasis added.) (at p. 1006)

It would now appear that Article VI, Section 2 of the Constitution of Texas should be interpreted as defining a "qualified elector" as (a) a person who has attained the age of eighteen (18) years, and (b) is a citizen of the United States, and (c) who has resided in the district or county in which such person offers to vote thirty (30)days next preceding an election, and (d) who is not otherwise disqualified.

Having met the constitutional definition of a "qualified elector" it would of course also be necessary that a person shall have duly registered as a voter. Texas Election Code, Article 5.02.

Article VI, Section 3a of the Texas Constitution also sets out requirements for qualification as a "qualified tax-paying elector" who may vote on any proposition "...for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt,..." as follows:

> "...only qualified electors who own taxable property in the ...county,...district, city, town, or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence." (Emphasis added.)

Therefore, in answer to your first question, a "qualified taxpaying elector" is one who has satisfied the requirements of Sections 2 and 3a of Article VI of the Texas Constitution, as modified by the 26th Amendment to the United States Constitution and the Dunn case, supra. Sweeny Hospital District v. Carr, 378 S.W.2d 40, (Tex.Sup. 1964). Martin v. Richter, 161 Tex. 323, 342 S.W.2d 1 (1960).

Your second inquiry has to do with the term "electors" as used in that portion of Section 130.038 of the Texas Education Code, which reads:

> "...If the order also submits questions of issuing bonds and levying taxes, a majority of the electors voting in such election shall determine such question submitted in the order..." (Emphasis added.)

Article VII, Section 3 of the Texas Constitution limits the levying of taxes within school districts to "qualified property taxpaying voters"; its relevant portion reads:

> "...the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts...for the further maintenance of public free schools, and for the erection and equipment of school buildings therein; provided that a

majority of the <u>qualified property taxpaying voters</u>
of the district voting at an election to be held for
that purpose shall vote such tax..." (Emphasis added.)

This provision applies to all bonds to be paid by these taxes.

These provisons within Article VII of the Texas Constitution
dealing with the support and maintenance of public free schools
have been specifically held to include junior college districts.
<u>Shepherd v. San Jacinto Junior College District</u>, 363 S.W.2d 742
(Tex.Sup. 1962).

It would therefore follow that any reference within the
Education Code to those eligible to vote within a junior college
district on the question of issuing bonds and levying taxes
would of course have to meet the standards set out in Section 3
of Article VII as well as Sections 2 and 3a of Article VI of
our Texas Constitution. <u>Montgomery Independent School District</u>
<u>v. Martin</u>, 464 S.W.2d 638, (Tex.Sup. 1971).

The legislature in using the term "electors" in that portion
of Sec. 130.038 of the Education Code, hereinabove quoted, was
by necessity, referring to "qualified taxpaying electors," being
that same class of voter referred to in Sec. 130.033 of the Code.

Your third inquiry concerns the timing for calling an
election to confirm the creation of a junior college district.

There is no statutory time requirement as to when the
Commissioners Court must call such an election following the
approval of the proposed District by the Coordinating Board,
though it is their duty to issue an order calling an election.
The Education Code, Sec. 130.037, in its relevant portion,
reads:

> "If the coordinating board approves the estab-
> lishment of the junior college district, it shall
> then be the duty of the commissioners court...to
> enter an order for an election to be held in the
> proposed territory..."

The duty of the court to call the election is not discre-
tionary but an action that must be performed within a reasonable
time after the duty is imposed. Atty. Gen. Opin. No. R-1892
(1949).

The requirement in Section 130.037 of the Education Code

referring to the calling of the election,

> "...it shall then be the duty of the commissioners court or courts to enter an order for an election to be held in the proposed territory within a period of not less than 20 days and not more than 30 days after the order is issued,..."

makes clear that the election must be held not less than 20 days and not more than 30 days from the date of the Commissioners Court's order calling the election.

### SUMMARY

A "qualified taxpaying elector" is one who has satisfied the requirements of Sections 2 and 3a of Article VI of the Texas Constitution as modified by the 26th Amendment of the United States Constitution and the decision in Dunn v. Blumstein, 92 S.Ct. 995 (1972).

The term "elector" as used in that portion of Section 130.038 of the Texas Education Code referring to those eligible to vote in a junior college district on the question of issuing bonds and levying taxes refers to those who met the standards set out in Section 3 of Article VII as well as Sections 2 and 3a of Article VI of the Texas Constitution.

The phrase "after the order is issued" in Section 130.037 of the Texas Education Code has reference to the "order" of the Commissioners Court or Courts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:

Honorable Bevington Reed, page 6, (M- 1139)


OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Z. T. Fortescue III
Arthur Sandlin
John Banks
J. C. Davis

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant